IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **PAYARC LLC**,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>**CREDIT MOUNT INC.** and **DENNIS SHAKHNOVICH**,<br><br>　　　　　Defendants. | **COMPLAINT FOR A CIVIL CASE**<br><br>Case No. _____ |

**COMPLAINT FOR A CIVIL CASE**

Plaintiff PayArc LLC, through its undersigned counsel, files this Complaint against Defendants Credit Mount Inc. ("Credit Mount") and Dennis Shakhnovich ("Shakhnovich") (collectively, "Defendants").

**Introduction**

1. This is an action to recover sums of money owed to Plaintiff under an agreement (the "Credit Agreement," as defined below) with Credit Mount and a personal guaranty (the "Personal Guaranty," as defined below) by Shakhnovich.

2. Plaintiff is a credit card processor that serves as an intermediary between banks and merchants.

3. In the Credit Agreement, Credit Mount agreed to reimburse Plaintiff for chargebacks and bounce fees.

4. Despite its duty to pay Plaintiff, Credit Mount failed to pay for at least $290,797.45 in chargebacks and bounce fees.

5. In the Personal Guaranty, Shakhnovich agreed to pay any outstanding sums owed by Credit Mount.

6. Despite Shakhnovich's duty to pay Plaintiff, he failed to pay for at least $290,797.45 owed by Credit Mount.

7. To this date, Credit Mount and Shakhnovich have failed to fulfill their contractual obligations notwithstanding numerous demands by Plaintiff.

## Parties

8. Plaintiff is a limited liability corporation organized under the laws of Connecticut and having a principal place of business at 103 Mason Street, Floor 2, Greenwich, Connecticut 06830.

9. Plaintiff's members are all domiciled outside the States of Delaware, New Jersey and New York.

10. Credit Mount is a corporation organized under the laws of the State of Delaware and having a principal place of business at 1790 Flatbush Avenue, Brooklyn, Kings County, New York 11210.

11. Shakhnovich is an individual having a domicile at 275 Poplar Avenue, Mountainside, Union County, New Jersey 07092.

## Jurisdiction and Venue

12. This Court has diversity subject matter jurisdiction over this controversy pursuant to 28 U.S.C. § 1332(a).

13. Plaintiff is not a citizen of the same State as either Credit Mount or Shakhnovich.

14. Plaintiff seeks to recover more than $75,000.

15. This Court may exercise personal jurisdiction pursuant to Federal Rule of Civil Procedure 4(k) and New York Civil Practice Law § 302(a)(1). Credit Mount conducts its business in New York, including the Credit Agreement. The Guaranty is a personal guaranty of the Credit Agreement, which is to be performed by Credit Mount in New York.

16. This Court's judicial district is the appropriate venue pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims occurred in this judicial district.

## General Allegations

17. On or around June 14, 2021, Shakhnovich executed a merchant application ("Merchant Application") on behalf of Credit Mount.

18. A true and correct copy of the Merchant Application is attached hereto as **Exhibit A**.

19. Section 4 of the Merchant Application states, "By executing this Merchant Application on behalf of the merchant described above . . . , the undersigned individual(s) represent(s), warrant(s), and acknowledge(s) that: . . . (vii) he/she has received, read, and understood[] the terms and conditions set forth at https://payarc.com/agreements/PayArc-Evolve-Terms-and-Conditions.pdf as they may be amended from time to time . . . and agrees on behalf of the Merchant to be bound by the terms of such Merchant Agreement."

20. A true and correct copy of the terms and conditions set forth at https://payarc.com/agreements/PayArc-Evolve-Terms-and-Conditions.pdf, in effect on the date that Credit Mount executed the Merchant Application, are attached hereto as **Exhibit B** (the "Terms and Conditions") (together with the Merchant Application, the "Credit Agreement").

21. Section 5 of the Merchant Application contained a personal guaranty (the "Personal Guaranty"), and Shakhnovich executed the Personal Guaranty.

22. Pursuant to Section 5.20 of the Terms and Conditions, Credit Mount was obligated to maintain a valid bank account for the payment of amounts owed to PayArc.

23. The Terms and Conditions further contained a provision for a "Chargeback Reserve Account" at Section 3.5.

24. Pursuant Section 3.5 of the Terms and Conditions, PayArc was permitted to "establish . . . a non-interest bearing chargeback reserve account . . . , or demand other security or raise any discount, transaction or other fees."

25. Pursuant to the Credit Agreement, PayArc performed its obligations as a credit card processor for Credit Mount, including by processing payments to Credit Mount.

26. Pursuant to the Credit Agreement, PayArc established a Chargeback Reserve Account in the amount of $117,492.66 (the "Reserve"). After application of the reserve, the amount of $127,751.67 remained due and owing.

27. Despite Credit Mount's obligations to maintain a bank account for PayArc to withdraw amounts owed to PayArc, Credit Mount's bank account was made inaccessible to PayArc.

28. Despite demand and Credit Mount's obligations to pay PayArc, Credit Mount refused to make payments to PayArc.

29. In Section 4.4 of the Terms and Conditions, Credit Mount agreed to pay PayArc's attorney's fees in connection with any collection proceeding. PayArc reasonably expects that those fees will exceed $23,000.

30. Despite PayArc's demands that Credit Mount perform its obligations under the Credit Agreement, Credit Mount has failed and continues to fail to pay PayArc in full.

31. Despite PayArc's demands that Shakhnovich perform his obligations under the Personal Guaranty, Shakhnovich has failed and continues to fail to pay any amount to PayArc.

### COUNT I – BREACH OF CONTRACT (CREDIT MOUNT)

32. Plaintiff incorporates the paragraphs as if fully restated herein.

33. The Credit Agreement is a valid contract executed by Credit Mount.

34. Pursuant to the Credit Agreement, Credit Mount is required to pay fees to PayArc, to maintain a valid bank account, and to maintain a Chargeback Reserve Account.

35. Credit Mount has breached the Credit Agreement by failing to perform its obligations, including its obligations to pay fees to PayArc and to maintain a valid bank account.

36. As a result of Credit Mount's breaches, PayArc has been harmed by Credit Mount's conduct because PayArc has suffered and continues to suffer the loss of payments from Credit Mount.

WHEREFORE, PayArc respectfully requests that this Honorable Court enter judgment against Credit Mount in an amount to be determined at trial and in excess of $127,751.67 plus fees, interest, costs, attorney's fees, and such other relief which this Court deems necessary, just, and/or proper.

### COUNT II – BREACH OF CONTRACT (SHAKHNOVICH)

37. Plaintiff incorporates the paragraphs as if fully restated herein.

38. The Guaranty is a valid contract executed by Shakhnovich.

39. Pursuant to the Guaranty, Shakhnovich is obligated to pay to PayArc all sums owed by Credit Mount.

40. Shakhnovich has breached the Guaranty by failing to perform his obligations, including his obligations to pay fees to PayArc.

41. As a result of Shakhnovich's breaches, PayArc has been harmed by Shakhnovich's conduct because PayArc has suffered and continues to suffer the loss of payments from Shakhnovich.

WHEREFORE, PayArc respectfully requests that this Honorable Court enter judgment against Shakhnovich in an amount to be determined at trial and in excess of $127,751.67 plus fees, interest, costs, attorney's fees, and such other relief which this Court deems necessary, just, and/or proper.

Respectfully submitted,

*/s/ Stephen M. Faraci, Sr.*
Stephen M. Faraci, Sr.
New York State Bar No. 5052501
Virginia State Bar No. 42748

Whiteford, Taylor & Preston, LLP
Two James Center
1021 E. Cary Street, Suite 1700
Richmond, Virginia 23219

T: (804) 977-3307
F: (804) 977-3298
Email: sfaraci@wtplaw.com

Ronald W. Crouch
Anthony T. Gestrich
(*pro hac vice* applications forthcoming)
Whiteford, Taylor & Preston, LLP
11 Stanwix Street, Suite 1400
Pittsburgh, Pennsylvania 15222

T: (412) 275-2400
F: (412) 567-7564
Email: AGestrich@wtplaw.com

Dated: April 12, 2022