UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

PAYARC LLC

                                    Civil Action No.:
                                      22-cv-2092-WFK-RER

Plaintiff,

v.

                                      **ANSWER WITH
AFFIRMATIVE DEFENSES
COUNTER-CLAIMS AND
DEMAND FOR TRIAL BY
JURY**

CREDIT MOUNT INC. and
DENNIS SHAKHNOVICH,

Defendants.
_____X


       Defendants, CREDIT MOUNT INC. and DENNIS SHAKHNOVICH, "Answering

Defendants," by their attorney, The Mead Law Firm, P.C., as and for their answer to the Complaint,

**DEMANDS A TRIAL BY JURY** and alleges and states as follows:

1. The allegations set forth in the Complaint denominated as paragraph 1 is conclusory,

    narrative and/or involve legal conclusions that do not require a response, to the extent

    a response is required Deny knowledge or information sufficient to form a belief as to

    the allegations set forth in the Complaint denominated as paragraph 1 and leaves all

    questions of law and fact to the Court and trier-of-fact respectively.

2. Deny knowledge or information sufficient to form a belief as to the allegations set

    forth in the Complaint denominated as paragraph 2.

3. Deny the allegations set forth in the Complaint denominated as paragraphs 3-7.

4. Deny knowledge or information sufficient to form a belief as to the allegations set forth in the Complaint denominated as paragraphs 8-9.

5. Deny the allegations set forth in the Complaint denominated as paragraph 10 except to admit that Credit Mount is a corporation organized under the laws of the State of New York with a principal place of business at 1790 Flatbush Avenue, Brooklyn, New York 11210, Kings County.

6. Deny the allegations set forth in the Complaint denominated as paragraph 11 except to admit Shakhnovich is an individual domiciled in New Jersey but at 1275 Poplar Avenue, Mountainside, Union County, New Jersey 07092.

7. The allegations set forth in the Complaint denominated as paragraphs 12-16 are conclusory, narrative and/or involve legal conclusions that do not require a response, to the extent a response is required Deny the allegations set forth in the Complaint denominated as paragraphs 12-16 and leaves all questions of law and fact to the Court and trier-of-fact respectively.

8. Deny knowledge or information sufficient to form a belief as to the allegations set forth in the Complaint denominated as paragraphs 17-27, including all referenced exhibits.

9. Deny the allegations set forth in the Complaint denominated as paragraphs 28-31.

10. Answering Defendants repeat, reassert, reallege and incorporate by reference all prior responses and objections to all prior paragraphs in response to paragraph 32 of the Complaint.

11. Deny the allegations set forth in the Complaint denominated as paragraphs 33-36.

12. Answering Defendants repeat, reassert, reallege and incorporate by reference all prior responses and objections to all prior paragraphs in response to paragraph 37 of

the Complaint.

13.   Deny the allegations set forth in the Complaint denominated as paragraphs 38-41.


## AS AND FOR A FIRST AFFIRMATIVE DEFENSE
Plaintiffs' action is barred due to Plaintiffs' own violations of the respective contracts and under the doctrine of *Ex turpi causa non oritur actio*.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE
Plaintiff's action is barred as Plaintiffs are guilty of unconscionable and/or bad faith conduct.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE
Plaintiffs should be estopped from the instant action by reason of material misrepresentations made by plaintiff to the Defendant(s).

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE
The Plaintiff has "unclean hands" and precludes the relief requested.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE
Plaintiffs' action is barred under the doctrine of judicial estoppel or estoppel by inconsistent positions.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE
The Plaintiff's action is barred under the doctrine of estoppel by participation.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE
The Plaintiff's action is barred under the doctrine of collateral estoppel.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE
The Plaintiff's action is barred under the doctrine of res judicata.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE
The Plaintiffs' action is barred under the doctrine of illegality on the part of Plaintiff.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE
The Plaintiffs' action is barred under the doctrine of waiver on the part of Plaintiff.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE
The Defendants are entitled to a reduction of any damages alleged through a Set-Off from any collateral sources.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

While denying any wrongdoing on the part of the Answering Defendants should any wrongdoing be found by the Court or the trier of fact, the Plaintiffs' action is barred under the doctrine of *in para delicto* due to the wrongdoing on the part of the Plaintiff.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

The Plaintiffs' action is barred as the Plaintiffs lack standing.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' action is barred under the doctrine of unjust enrichment.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' action is barred due to their failure to join a necessary party.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs' action is barred under the doctrine of ratification

## AS AND FOR A SIXTEEENTH AFFIRMATIVE DEFENSE

The complaint fails to state a cause of action as against Answering Defendants or otherwise state a claim upon which relief may be granted.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred based on Plaintiff's breach of contract and/or anticipatory breach.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the theory of the Economic Loss Rule.

## AS AND FOR A NINETEENETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by promissory estoppel.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by Plaintiffs' fraudulent conduct.

## AS AND FOR AN TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches and delay.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable Statute of Limitations.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE
Plaintiffs failed to join a necessary party to this action.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE
Plaintiffs' alleged damages were sustained, in whole or in part, through the acts and omissions of the Plaintiffs and/or through acts and omission of the third parties hired by the Plaintiffs.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE
Plaintiffs' claims are barred due to Plaintiffs' lack of capacity to sue.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE
Plaintiffs' claims are barred by the doctrine of Equitable Estoppel.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE
Plaintiffs' claims are barred by the Plaintiff's own material breaches including breaches of fiduciary duty and failure to complete performance of the subject contract as required.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE
Plaintiff's claims are barred due to Plaintiff's failure to mitigate its alleged damages.

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE
Plaintiffs' claims are barred by the mandatory arbitration clause in the subject contracts.

### AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE
Plaintiffs' claims are barred by the doctrine of unjust enrichment.

### AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE
Plaintiffs' claims are barred as Answering Defendants performance was excused, and Answering Defendants would have performed any respective obligations under the contracts but for Plaintiff's interference with Defendant's ability to perform, to the extent that Answering Defendants are found in breach of the respective contracts.

### AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE
Plaintiff lacks capacity to maintain an action in this Court because Plaintiff is unlicensed to do business in the State of New York.

### AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE
Plaintiff's action is barred due to the absence of a condition precedent requiring Answering Defendants to perform.

### AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE
Plaintiff's action is barred due to fraud on the part of the Plaintiff.

### AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE
Plaintiff's action is barred due to impossibility and/or impracticality and/or frustration of purpose due to the conduct of the Plaintiff.

## AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred due to lack of consideration.

## AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred due to mistake.

## AS AND FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred due to statute of frauds.

## AS AND FOR A FOURTIETH AFFIRMATIVE DEFENSE

Plaintiff's action is barred due to Plaintiff's violations of the applicable usury laws.

## AS AND FOR A FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's action is barred due to novation.

## AS AND FOR A FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's action is barred due to Plaintiff's failure to exhaust remedies under the relevant contract or laws and regulations.

## AS AND FOR A FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's action is barred under the doctrine of economic coercion.

Dated:  July 10, 2022

Respectfully Submitted,


___/s/Wesley Mead, /s/_____

By:  Wesley Mead
**THE MEAD LAW FIRM, P.C.**
*Attorneys for Defendants- Credit Mount Inc.*
*and Dennis Shakhnovich*
3033 Brighton 3rd Street
Brooklyn, New York 11235
Tel: (866) 306-5547
Alt. Tel: (718) 306-2107
Fax: (866) 306-0337
*wmeadlaw@gmail.com*

## CERTIFICATE OF SERVICE

       I, hereby certify that the Answer with Affirmative Defenses Jury Demand and Counterclaims was served by ECF on July 10, 2022, upon the following:

*All parties of record via ECF*

Dated: July 10, 2022

                                   Respectfully Submitted,

                                   __*/s/Wesley Mead/s/*_____
                                   By:  Wesley Mead
                                   **THE MEAD LAW FIRM, P.C.**
                                   *Attorneys for Defendants- Credit Mount Inc.*
                                   *and Dennis Shakhnovich*
                                   3033 Brighton 3rd Street
                                   Brooklyn, New York 11235
                                   Tel: (866) 306-5547
                                   Alt. Tel: (718) 306-2107
                                   Fax: (866) 306-0337
                                   *wmeadlaw@gmail.com*

## COUNTER-CLAIMS

Counterclaim Plaintiffs CREDIT MOUNT INC. and DENNIS SHAKHNOVICH, (collectively Counterclaimants), by undersigned counsel, an attorney admitted to practice in the Eastern District of New York, hereby submit their Counter-Claims against Counterclaim Defendant PAYARC LLC (collectively Counterclaim Defendant), as set forth herein, Counterclaim Defendant must serve its answer or motion under Rule 12 of the Federal Rules of Civil Procedure to the within counter-claims upon Counterclaim Plaintiffs' attorney and file their answer or motion with the court within twenty-one (21) days of service of these Counter-Claims, upon failure to respond, judgment may be entered against the Counterclaim Defendants for the relief demanded in the Counter-claims.

## THE COUNTER-CLAIMANTS

1. Counter-Claimant DENNIS SHAKHNOVICH is a citizen and of and domiciled in the State of New Jersey.

2. Counter-Claimant DENNIS SHAKHNOVICH is the owner of CREDIT MOUNT INC.

3. Counter-Claimant CREDIT MOUNT INC. is a domestic corporation incorporated in New York with its principal place of business in Kings County, New York, which provides credit rehabilitation services.

## THE DEFENDANT ON THE COUNTER-CLAIMS

4. Upon information and belief, Counter-Claim Defendant PAYARC LLC is a limited liability corporation organized under the laws of the State of Connecticut, which markets itself and conducts business in the State of New York to New York consumers.

.

<u>**FACTS COMMON TO ALL CAUSES OF ACTION**</u>

5.     CREDIT MOUNT INC is a credit counseling and debt settling service which is considered a high risk service for a majority of banks. CREDIT MOUNT INC has been in this business for approximately six (6) years.

6.     Due to the high risk CREDIT MOUNT INC. has to work directly with a high risk merchant account according to the regulations that apply to CREDIT MOUNT INC.'s business.

7.     CREDIT MOUNT INC. sought a merchant credit processer with better terms and/or opportunities to allow it to grow its business and clientele base, this is how CREDIT MOUNT INC. became involved with PAYARC LLC.

8.     On or about June 18, 2021 and at other times known to PAYARC LLC, PAYARC LLC represented and promised CREDIT MOUNT INC. and its owner, DENNIS SHAKHNOVICH, that they will allow CREDIT MOUNT INC. to process $360,000.00 a month with 5% reserve in case of charge backs and an additional 5% + fees per transaction (approximately 7.5%) for processing.

9.     The reserve is in case of charge backs and/or refunds and the high interest rate is because of the high risk industry. It is the industry standard that a reserve is a predetermined amount of a business's revenue held in reserve by an acquiring bank. This reserve protects banks against unforeseen liabilities in the event of chargebacks.

10.    Because there are few merchants credit processors available and not that many options, CREDIT MOUNT INC. was compelled to agree to the terms above.

11.    Following the CREDIT MOUNT INC.'s agreement with PAYARC LLC, CREDIT MOUNT INC. and in reliance on PAYARC LLC's representations and agreement, CREDIT MOUNT INC. created a budget for advertisement and hired telemarketing campaign.

12.    Due to this planning and in reliance with PAYARC LLC's representations and agreement in place and new advertisement, CREDIT MOUNT INC. started bringing more customers in.

13. After processing for a couple of weeks, PAYARC LLC breached the agreement by stopping the releasing of funds to CREDIT MOUNT INC. as required under the agreement.

14. Upon information and belief, PAYARC LLC falsely represented to CREDIT MOUNT INC's owner, DENNIS SHAKHNOVICH that CREDIT MOUNT INC had too many charge backs and/or refunds and advised DENNIS SHAKHNOVICH that CREDIT MOUNT INC should continue processing the new clients that were coming in.

15. In the meantime, PAYARC LLC started taking money from CREDIT MOUNT INC.'s operating bank account that upon information and belief PAYARC LLC falsely claimed are either charge backs or refunds instead of using money from the reserve as required under the agreement and PAYARC LLC's promises and representations.

16. PAYARC LLC, based on its false allegations and misrepresentations, managed to withdraw all the money that was in the Credit Mount operating account and overdrew the account which in turn forced CREDIT MOUNT INC.'s bank to close CREDIT MOUNT INC.'s operating account, closed two of Counterclaim Plaintiffs lines of credit, converted them into loans increasing payment requirements by approximately four times. PAYARC LLC made false representations that the reserve was being utilized to CREDIT MOUNT INC. and misrepresented to CREDIT MOUNT INC. that monies were due in excess of the reserve which CREDIT MOUNT INC. relied upon and wired additional funds to PAYARC LLC. It is now believed that PAYARC LLC's representations were untrue and PAYARC LLC wrongfully obtained such monies and have kept such monies to the present date.

17. DENNIS SHAKHNOVICH on behalf of CREDIT MOUNT INC. spent hours on the phone with PAYARC LLC trying to figure out what has occurred, trying to resolve the situation with

PAYARC LLC as well as CREDIT MOUNT INC.'s bank. DENNIS SHAKHNOVICH on behalf of CREDIT MOUNT INC. attempted in good-faith to negotiate with PAYARC LLC to either release money from the reserve or return the money that PAYARC LLC had wrongfully taken from CREDIT MOUNT INC., in order for CREDIT MOUNT INC. to continue doing business and continue CREDIT MOUNT INC.'s obligations to its employees, such as paying wages and salaries, as well as to the clients that were signed up for CREDIT MOUNT INC.'s services.

18. Knowing because of the scarcity of options in the industry, PAYARC LLC's through economic coercion forced CREDIT MOUNT INC. into a position where CREDIT MOUNT INC. could no longer sustain its operation and its obligations to its clients that were enrolled at this period of time.

19. Upon information and belief PAYARC LLC falsely represented to CREDIT MOUNT INC. and its owner that there were an unprecedented 100% chargebacks and refunds but PAYARC LLC never showed documentation verifying the same, further upon due diligence of these false allegations, DENNIS SHAKHNOVICH spoke with clients, and upon investigation it is believed that PAYARC LLC's allegations are knowingly false. Notably PAYARC LLC has not verified the chargebacks it claims occurred.

20. Furthermore, while DENNIS SHAKHNOVICH was trying to resolve all of these issues with PAYARC LLC, to induce CREDIT MOUNT INC. to continue doing business with PAYARC LLC, PAYARC LLC promised that the alleged chargebacks and refunds will go into a reserve and that CREDIT MOUNT INC. would be receiving all of the money that PAYARC LLC withdrew from CREDIT MOUNT INC.'s account, while CREDIT MOUNT INC. relied upon PAYARC LLC's promise in continuing to obtain new customers, this was a false promise by PAYARE LLC designed as a scheme to defraud under false pretenses to get CREDIT

MOUNT INC. to continue to obtain new customers so that PAYARC LLC could continue to wrongfully take its monies, and PAYARC LLC's promise was not fulfilled, the alleged chargebacks and refunds did not go into the reserve and PAYAR LLC continued to wrongfully take CREDIT MOUNT INC.'s monies to the detriment of CREDIT MOUNT INC. and the wrongful financial benefit of PAYARC LLC.

21. PAYARC LLC attempted to continue to take more money from CREDIT MOUNT INC. without giving CREDIT MOUNT INC. an opportunity to respond to or verify the alleged chargebacks and withheld documentation verifying chargebacks.

22. CREDIT MOUNT INC. has contractual obligations to its clients and must fulfill its commitment to these clients and PAYARC LLC has wrongfully taken CREDIT MOUNT INC.' monies leaving CREDIT MOUNT INC. with no money to operate its business and fulfill its obligations to its clients.

## JURISDICTION

23. The Court has jurisdiction of the counterclaims as principles of supplemental and/or pendent jurisdiction under 28 USC §1367. Further, the Court also has diversity jurisdiction under 28 U.S.C. §1332 as each plaintiff and each defendant are residents of different States, and in this case the counterclaim defendant and counterclaim plaintiffs are residents of different States, and the amount in controversy on each counter-claim exceeds $75,000.00, exclusive of interest.

## VENUE

24. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the Counterclaim Defendant's violations occurred within the Eastern District of New York.

## Count I: FIRST CLAIM FOR RELIEF – "COMMON LAW FRAUD"

25. The allegations within all prior paragraphs are hereby repeated and realleged as though fully set forth herein.

### Specific Allegations of Fraud Against the Counter-Claim Defendants

26. Counterclaim Defendant intentionally and with malice and voluntarily engaged in the fraudulent Scheme and false representations thereof, as fully described herein.

### Who Made the Fraudulent Statements or Omitted to Speak?

27. The Counterclaim Defendant and its representatives made fraudulent statements and omitted to speak.

### What are the Fraudulent Statements or Omissions and Reasonable Reliance?

28. Upon information and belief Counterclaim Defendant knowingly and intentionally misrepresented that 100% of CREDIT MOUNT INC.'s customer accounts were chargebacks and returns, that the reserve would be used for any chargebacks and reserves and not CREDIT MOUNT INC.'s operating bank account, that CREDIT MOUNT INC. was required to send more monies as the chargebacks exceeded the reserve, and further falsely promised Counter-Claims Plaintiffs that PAYARC LLC would return the monies taken from CREDIT MOUNT INC.'s operating account and utilize the reserve for chargebacks and returns in order to fraudulently induce CREDIT MOUNT INC. to continue to obtain new customers and to continue to do business with PAYARC LLC so that PAYARC LLC could continue to falsely and wrongfully take CREDIT MOUNT INC.'s monies. PAYARC, LLC knew that its representations and promises were false when made and were designed to wrongfully take CREDIT MOUNT INC.'s monies.

29. Counterclaim Defendant took predatory advantage of the Counterclaimant Plaintiffs in an industry where there are very few options for CREDIT MOUNT INC. and similar entities in obtaining high risk merchants in order to conduct business and PAYARC LLC took advantage of the fact that PAYARC LLC controlled the information regarding the accounts and would not provide verification of the falsely alleged 100% chargebacks and refunds leaving Counterclaim Plaintiffs the only option but a long process of contacting each customer to reveal the falsity of PAYARC LLC's representations.

30. Counterclaim Plaintiffs' justifiably relied upon and willingness to trust PAYARC LLC's representations as PAYARC LLC was bound by the agreement and industry laws and regulations.

## The Common Course of Conduct of Fraud and Reliance Upon It

31. The Counterclaim Defendant repeatedly misled at least Counterclaimant Plaintiffs and upon information and belief CREDIT MOUNT INC.'s bank and its customers in wrongfully taking CREDIT MOUNT INC.'s monies and completing its scheme to defaud.

32. Counterclaim Defendant has committed fraud as described herein.

33. Counterclaimants, and upon information and belief CREDIT MOUNT INC.'s bank and customers justifiably relied on the Counterclaim Defendant's fraudulent misrepresentations, and omissions, including its failure to verify proof of all chargebacks and returns.

## DAMAGES

34. By reason of the foregoing Counterclaimants, and each of them have been injured in their business and property and been damaged in the aggregate amount presently at least approximately $360,000.00 the exact amount to be determined at trial.

35. Counterclaimants and each of them are entitled to recover from the Counterclaim Defendant, damages sustained by them, together with punitive damages, costs of this lawsuit and reasonable attorney's fees.

## Count II: "UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER GBL § 349"

36. Counterclaimants reassert and reallege all prior paragraphs as if set forth fully

herein.

37. Counterclaimant CREDIT MOUNT INC. is a New York customer of PAYARC LLC and

PAYARC LLC's conduct as described herein has reached into and affected the New York public,

including New York citizens who are debtors attempting to get help to get themselves out of debt

and into better living circumstances, which affects their property rights, livelihoods and health,

PAYARC LLC by entering the New York market with a consumer oriented goal, purpose and/or

effect of unfair and deceptive business practices has a substantial affect both upon CREDIT

MOUNT INC., its owner, employees, customers, and the public at large.

38.    Counterclaimant Defendant PAYARC LLC.'s conduct by marketing itself and conducting

business with New York consumers, such as CREDIT MOUNT INC., and upon information and

belief other New York consumers, in violation of New York law and regulations in the fraudulent,

deceptive and unfair manner described herein affects the New York public at large.

39. Counterclaim Defendant has advertised, marketed, conducted business in New York in

 a way that is misleading, unlawful, unfair and/or with deceptive acts or practices in the conduct of

its business, trade or commerce or in the furnishing of services in New York State and was

consumer oriented with ramifications to the public at large.

40. Counterclaim Defendant's conduct in engaging in unlawful unfair and deceptive acts or

practices in the conduct of business, trade or commerce or in the furnishing of services in New

York State was done willfully and knowingly by the Counterclaim Defendant.

41. The Counterclaimant CREDIT MOUNT INC. has been harmed as a result of the Counterclaim

Defendant's willfully and knowingly unlawful unfair and deceptive act or practice in

the conduct of business, trade or commerce or in the furnishing of services in the amount of at least approximately $360,000.00. Furthermore, if PAYARC INC.'s claims of 100% chargebacks are untrue then PAYARC INC. has both taken CREDIT MOUNT INC.'s monies and retained payments made by CREDIT MOUNT INC.'s customers in the State of New York.

42. The Counterclaimant CREDIT MOUNT INC. demands judgment in the amount of at least approximately $360,000.00 plus treble damages in the amount of three times the actual damages, plus reasonable attorney's fees pursuant to GBL § 349(a)-(h).

## Count III: "BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING"

43. Counterclaimants reassert and reallege all prior paragraphs as if set forth fully herein.

44. Counterclaimant CREDIT MOUNT INC. entered into an agreement and contract with PAYARC LLC.

45. Said agreement and contract contain provisions or provisions are imputed by operation of law which require and bind PAYARC LLC to covenant good faith and fair dealing.

46. PAYARC LLC violated and breached this covenant of good faith and fair dealing by all of its actions and/or omissions as described within these Counterclaims.

47. Counterclaim Defendant PAYARC LLC's violations and breach of this covenant of good faith and fair dealing were done deliberately, willfully and in bad faith, by all of its actions and/or omissions as described within these Counterclaims and have resulted in proximate consequential damages to the Counterclaimant CREDIT MOUNT INC., which are within the contemplation of the original contracting parties as a probable result of such a breach at the time of or prior to contracting.

48. The Counterclaimant CREDIT MOUNT INC has have been directly and proximately harmed as a result of the Counterclaim Defendant PAYARC LLC's breaches of the covenants of good

faith and fair dealing in the respective agreement and contract, in the amount of at least approximately $360,000.00, the exact amount to be determined at trial.

49. The Counterclaimants demand judgment in the amount of at least approximately $360,000.00 plus punitive damages to deter such conduct in the future, in an amount to be determined at trial.

## Count IV: "INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE"

50. Counterclaimants reassert and reallege all prior paragraphs as if set forth fully herein.

51. The Counterclaim Defendant PAYARC LLC has intentionally and improperly interfered with the Counterclaimants' ability to gain economic property through Counterclaim Defendant's intentional acts and omissions in furtherance of Counterclaim Defendant's Fraudulent Scheme as set forth herein.

52. The Counterclaimants have been directly and proximately damaged by Counterclaim Defendant PAYARC LLC's intentional interference with Counterclaimants' ability to gain economic property, through at least obtaining the monies it has earned through providing credit services to its customers and future good will as well as harming CREDIT MOUNT INC.'s relationship with its bank, all in an amount to be proven at trial, but believed to be at least $360,000.00.

## Count V: "BREACH OF CONTRACT"

53. Counterclaimants reassert and reallege all prior paragraphs as if set forth fully herein.

54. The Counterclaim Defendant PAYARC LLC and CREDIT MOUNT INC. entered into a valid agreement and contract.

55.     Pursuant to the agreement and contract between PAYARC LLC and CREDIT MOUNT INC., PAYARC LLC was required to allow CREDIT MOUNT INC. to process $360,000.00 a

month with 5% reserve in case of charge backs and an additional 5% + fees per transaction (approximately 7.5%) for processing. However, PAYARC LLC materially breached its agreement and contract with CREDIT MOUNT INC. and failed to perform as required.

56. As a direct result of PAYARC LLC's breach CREDIT MOUNT INC. has been harmed and continues to be harmed in an amount of approximately $360,000.00 the exact amount to be determined at trial.

## Count VI: "PROMISSORY ESTOPPEL"

57. Counterclaimants reassert and reallege all prior paragraphs as if set forth fully herein.

58.     PAYARC LLC made clear and unambiguous promises to the Counterclaim Plaintiffs as described herein, the Counterclaim Plaintiffs reasonably and foreseeably relied on these promises and were proximately injured in an amount of approximately $360,000.00 the exact amount to be determined at trial. as a direct result of such reliance.

## Count VII: "UNJUST ENRICHMENT"

59. Counterclaimants reassert and reallege all prior paragraphs as if set forth fully herein.

60.     Counterclaimant Defendant has profited immensely through its misrepresentations as described herein and has been wrongfully taking monies from CREDIT MOUNT INC. which were rightly and properly the property of CREDIT MOUNT INC.

61.     Counterclaimant Defendant through its improper actions described herein have wrongfully taken the monies of CREDIT MOUNT INC. believed to be approximately $360,000.00 the exact amount to be determined at trial.

63.     Counterclaimant Defendants would be unjustly enriched if they are permitted to retain the benefit of the receivables wrongfully taken from CREDIT MOUNT INC. which has been damaged in amount believed to be approximately $360,000.00 the exact amount to be determined at trial

## **Jury Demand and Demand to Preserve**

64. Pursuant to Federal Rule of Civil Procedure § 38(b), Counterclaimants demand a trial by jury.

65.    Demand is made for PAYARC LLC to preserve and produce all recorded conversations with CREDIT MOUNT INC. and CREDIT MOUNT INC.'s customers and clients and DENNIS SHAKHNOVICH, failure to so preserve and produce may result in an application to the Court for spoliation of evidence.

**WHEREFORE**, Counterclaimants demand judgment and relief against Counterclaim

Defendant as follows:

I. Damages for Common Law Fraud of at least $360,000.00, together with Punitive

damages in such amount as the Court deems just and proper;

II. Damages for the violations of General Business Law Section(s) 349(a)-(h) of at

least $360,000.00; plus reasonable attorney's fees, treble damages; and costs of

the lawsuit;

III. Consequential Damages of at least $360,000.00, for Counterclaim

Defendant's Breaches of Covenants of Good Faith and Fair Dealing together

with punitive damages;

IV. Damages for intentional interference with prospective economic advantage in an

amount to be proven at trial;

V. Damages for breach of contract of at least $360,000.00 plus attorney's fees;

VI. Damages for promissory estoppel of at least $360,000.00;

VII. Damages for unjust enrichment of at least $360,000.00;

VIII. Costs, reasonable attorney's fees, pre-judgment and post-judgment interest, and

any other relief the Court deems just and proper.

Dated: June 10, 2022

THE MEAD LAW FIRM, P.C.

__/s/*WESLEY MEAD*/s/_____
By: Wesley Mead, Esq.
Attorney for Counter-Claimants- *CREDIT MOUNT INC. DENNIS SHAKHNOVICH*
3033 Brighton 3rd Street
Brooklyn, New York 11235
Tel: 866.306.5547
Alt. Tel: 718.306.2107
wmeadlaw@gmail.com

## CERTIFICATE OF SERVICE

I, hereby certify that Counterclaimants' Counterclaim was served by ECF upon all parties/attorneys of record on June 10, 2022.

Dated: June 10, 2022


\_\_/s/*Wesley Mead*/s/_____
By: Wesley Mead
THE MEAD LAW FIRM, P.C.
*Attorney for Counterclaimants*